Dear Mayor Haley:
Reference is made to your recent request for an opinion of this office regarding the Village of Kilbourne's participation in the Division of Administration's Community Development Block Grant Housing Rehabilitation Program ("CDBG") approximately three years ago.
It is our understanding that the CDBG provided the Village with grant funds for the purpose of renovating or rebuilding homes for needy residents of Kilbourne. In connection with one particular property, the CDBG required the Village to obtain a usufruct on behalf of the property resident from the heirs who were partial owners of the property, in order to insure that the resident would be able to reside on the property for the rest of her life. Apparently, the usufruct was never obtained, and the heirs, who are now full owners of the property, have decided to sell the property for the sum of $35,000, and evict the resident/beneficiary of the grant. The CDBG has informed the Village that if the resident is evicted from the property then the Village will have to repay the grant funds received by the Village on the resident's behalf, in the sum of $24,000.
According to your letter, the Village has determined that in the long run, it would be economical, as well as ethical, for the Village to purchase the property from the heirs and provide the resident with a lifetime usufruct rather than repay the CDBG the amount of the grant. If the Village purchases the property then it will be able to sell it at a later date, and recoup all or part of the purchase price, or use it for some other public purpose. On the other hand, if the Village does not purchase the property, it will have to repay the $24,000, and the resident, as well as the Village, will receive nothing. Given these circumstances, the Village asks whether it can legally borrow money and then spend the borrowed funds for the purpose of buying the property in question.
Please be advised that this office is unaware of any provision of law which would prohibit the Village from borrowing and then spending funds in the manner outlined above. Although La. Const. Art VII, Sec. 14 generally prohibits the loan, pledge or donation of the assets or credit of a political subdivision to or for any person, firm or corporation, an exception is made in connection with "programs of social welfare for the aid and support of the needy". Mr. Warren Gillespie, of the Division of Administration, has advised the undersigned that the CDBG program provides grants solely for the benefit of rehabilitating/rebuilding housing for the needy, and that the resident in question is needy.
Since the Village will be obligated to repay the CDBG $24,000 if it does not purchase the property in question, and since the purchase is in connection with a "program . . . for the aid and support of the needy", we see no reason why the Village cannot borrow funds and purchase the property, particularly in light of the fact that such an arrangement is more economically advantageous than repaying the grant. Please note, however, that the Village will have to obtain State Bond Commission approval of its financial arrangements in connection with the borrowing of funds.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Mr. Warren Gillespie